IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| SARAH MCCLURE and COLTON WHEELER, | CV 25-210-M-KLD |
| Plaintiffs, | |
| vs. | ORDER |
| MICHAEL W. FUTRELL and LOST BOYS CONSTRUCTION, | |
| Defendants, | |

This action was commenced in the Tribal Court of the Confederated Salish and Kootenai Tribes of the Flathead Reservation ("CSKT Tribal Court"). Plaintiffs' complaint alleges a breach of contract concerning home renovations. (Doc. 1-1 at 7). On December 9, 2025, Defendant Michael Futrell filed a notice of removal with this Court. (Doc. 1). Futrell later filed a first amended notice of removal. (Doc. 9). Both notices indicate 28 U.S.C. § 1443(1) as a basis for removal and are styled as a "Rule 11(b)(2) Argument to Extend, Modify, or Reverse Existing Law, and/or Make New Law Applying, Construing, or Defining Civil Rights Removal under 28 U.S.C. 1443(1)." (Doc. 1 at 1; Doc. 9 at 1).

Futrell alleges that, as someone who is not a member of the Confederated

Salish and Kootenai Tribes ("CSKT"), he has been unable to secure representation in CSKT Tribal Court and has been subject to unfair treatment. He states, "I have been absolutely and unquestionably denied the right to equal participation in court proceedings on account of my non-tribal race and/or 'political' identity in violation of 42 U.S.C. § 1981." (Doc. 9 at 1). Futrell further challenges the CSKT Tribal Court's exercise of jurisdiction, stating that "[to] force me to trial under these circumstances is utterly inconsistent with the due process and equal protection guarantees of the Fifth, Ninth, and Fourteenth Amendments." (Doc. 9 at 22). In light of these allegations, Futrell seeks removal to federal court pursuant to 28 U.S.C. § 1443(1).

Federal district courts are "courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Their jurisdictional scope is empowered by the Constitution and federal statute. *Kokkonen*, 511 U.S. at 377. Federal subject matter jurisdiction is typically established by either the diversity of the parties, pursuant to 28 U.S.C. § 1332, or the presence of federal questions in the complaint, pursuant to 28 U.S.C. § 1331. The Court has a sua sponte obligation to consider whether it has subject matter jurisdiction. *See Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004) (citing *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999)). If at any time before judgment it appears that the

district court lacks subject matter jurisdiction over a case removed from state court, the case must be remanded. 28 U.S.C. § 1447(c).

The diversity jurisdiction statute, 28 U.S.C. § 1332, requires (1) complete diversity of citizenship between the parties and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). In contrast, the federal question jurisdiction statute provides, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded' complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1394 (9th Cir. 1988) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

However, 28 U.S.C. § 1443(1) "provides an exception to the well-pleaded complaint rule, allowing a party to remove an otherwise unremovable action where the party is asserting a federal claim of race discrimination that 'cannot [be] enforce[d]' in the state courts." *Deutsche Bank Natl. Tr. Co. v. Young*, No. C-14-3170 EMC, 2014 WL 7336696, at *1 (N.D. Cal. Dec. 23, 2014) (citing 28 U.S.C. § 1443(1) and *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824-28 (1966)).

3

Removal under 28 U.S.C. § 1443 is commonly described as "civil rights removal." Section 1443 provides that certain civil or criminal cases "commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending." 28 U.S.C. § 1443. Cases which may be removed include those "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction." 28 U.S.C. § 1443(1).

Futrell acknowledges that there is no precedent of federal courts accepting jurisdiction for removal from tribal to federal court under 28 U.S.C. § 1443. "I am aware that Civil rights removal of proceedings from tribal courts to US District Courts has never been allowed to succeed in Montana or any other jurisdiction." Instead, Futrell requests that the Court accept jurisdiction and sustain removal "as a matter of first impression." (Doc. 9 at 2). The Court declines to do so.

Civil rights removal is explicitly limited by statute to cases "commenced in a State court." 28 U.S.C. § 1443. Having considered Futrell's arguments in support of extending jurisdiction to actions originating in tribal court, this Court declines to do so and finds that removal under section 1443 is improper. To do so would violate the statutory text of section 1443 and would constitute improper removal.

4

*See Guam v. Landgraf,* 594 F.2d 201, 202 (9th Cir. 1979) (confirming that removal under section 1443(1) is expressly limited to state courts). Because this case cannot be properly removed, there is no federal subject matter jurisdiction over this matter. Given the Court's ongoing, sua sponte obligation to consider whether it has subject matter jurisdiction, the Court finds that remand is the only appropriate course of action.

Accordingly, IT IS ORDERED that this case is remanded to the CSKT Tribal Court for lack of subject matter jurisdiction. Because this Court lacks subject matter jurisdiction, IT IS FURTHER ORDERED that the pending motion for leave to intervene and appear as amicus curiae (Doc. 6) is DENIED as moot.

DATED this 23rd day of January, 2026.

Kathleen L. DeSoto
United States Magistrate Judge