# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| SARAH MCCLURE and COLTON WHEELER, <br><br> Plaintiffs, <br><br> vs. <br><br> MICHAEL W. FUTRELL and LOST BOYS CONSTRUCTION, <br><br> Defendants. | CV 25-210-M-KLD-WWM <br><br><br> ORDER DENYING MOTION TO WITHDRAW CONSENT |

On August 6, 2025, Sarah McClure and Colton Wheeler ("Plaintiffs") filed a complaint against Michael Futrell ("Mr. Futrell") and Lost Boys Construction in the Confederated Salish Kootenai Tribes Tribal Court ("CSKT Tribal Court"), alleging breach of contract concerning certain home renovations. (Doc. 9-1 at 3). On December 9th, Mr. Futrell filed a notice of removal with this Court. (Doc. 1). Because no objections were made pursuant to Local Civil Rule 73.1, this case was assigned to United States Magistrate Judge Kathleen L. DeSoto on January 7, 2026. (Doc. 8). Mr. Futrell amended his notice of removal on January 8th. (Doc. 9). On January 23rd, Judge DeSoto remanded this case to the CSKT Tribal Court for lack of subject matter jurisdiction. (Doc. 10). On February 20th, Mr. Futrell filed a motion titled "Rule 59(e) & 60(b)(4) Motion to Amend or Alter, Motion for

Relief from Void Order of Remand entered by Magistrate Judge DeSoto." (Doc. 13). In seeking various forms of relief from Judge DeSoto's order to remand the case, Mr. Futrell states that he "now withdraw[s] any implicit consent to USMJ adjudication." (*Id.* at 2). Mr. Futrell contends that he "never actually consented to USMJ jurisdiction and to the degree that [his] failure to file the objection form was construed as consent, [his] consent was ignorant of constitutional restrictions and so not validly given." (*Id.*).

For the following reasons, the Court denies Mr. Futrell's request to withdraw consent to magistrate judge jurisdiction.[1] Judge DeSoto will address the remaining requests in Mr. Futrell's motion.

## I.    Legal Standard

With the consent of the parties to a federal civil action, a United States magistrate judge may "conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court he serves." 28 U.S.C. § 636(c)(1); *see* L.R. 72.1 (authorizing and designating magistrate judges appointed by the court to exercise all powers described in 28 U.S.C. § 636). If a case is assigned to a magistrate judge, the Clerk of Court is directed to notify the parties of the

---

[1] Because "only a district judge may rule on a motion to withdraw consent to the jurisdiction of a magistrate judge under section 636(c)(4)," the undersigned rules on this request alone. *Branch v. Umphenour*, 936 F.3d 994, 1003 (9th Cir. 2019).

assignment and "advise the parties that they are free to withhold consent without adverse substantive consequences." 28 U.S.C. § 636(c)(2); L.R. 73.1(c). Along with notice of the assignment, the clerk will serve a "form for withholding consent within seven days after the last party has appeared." L.R. 73.1(c). The parties have fourteen days from service of the form to file their notice of withholding consent. L.R. 73.1(d). "If any party's form is not timely filed after service of the clerk's notice of assignment, that party is deemed to have consented to magistrate judge jurisdiction." *Id.*

Once a case has been referred to a magistrate under § 636(c), the referral may only be withdrawn by a district judge "for good cause shown on its own motion or under extraordinary circumstances shown by any party." 28 U.S.C. § 636(c)(4); Fed. R. Civ. P. 73(b)(3). "There is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge." *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993).

The "extraordinary circumstances" standard "is a high bar that is difficult to satisfy." *Branch*, 936 F.3d at 1004 (internal quotations omitted). The elevated threshold is intended to "prevent gamesmanship," or "shopping between a magistrate and a district judge by, for example, withdrawing consent because of dissatisfaction with a magistrate judge's decision." *Id.*; *Samson Tug & Barge, Co. v. Int'l Longshore & Warehouse Union, Alaska Longshore Div.*, No. CV 20-108-

TMB, 2022 U.S. Dist. LEXIS 141082, at *5 (D. Alaska Aug. 9, 2022) (citing *Branch*, 936 F.3d at 1004). "Neither mere dissatisfaction with a magistrate judge's decision, nor unadorned accusations that such decisions reflect judicial bias, will suffice." *Branch*, 936 F.3d at 1004.

## II.   Discussion

Mr. Futrell argues that (1) he "never actually consented to USMJ jurisdiction," and (2) to the extent his failure to file the objection form was construed as consent, his consent was not validly given because he "was ignorant of constitutional restrictions." (Doc. 13 at 2).

First, Mr. Futrell's failure to file the form withholding consent within fourteen days of receiving notice of the magistrate's assignment to the case is deemed consent pursuant to Local Civil Rule 71.3(d). Consequently, Mr. Futrell's argument is unavailing; his inaction constitutes consent.

Mr. Futrell's second argument likewise fails. Though it is unclear exactly what constitutional restriction Mr. Futrell is referring to that might affect whether his consent was valid, any misunderstanding of the law or failure to ascertain the scope of a magistrate judge's jurisdiction before consenting does not constitute an extraordinary event warranting withdrawal of consent. *See Mathias v. Baldwin*, CV 25-217-M-KLD-WWM, 2026 WL 509509, at *2 (D. Mont. Feb. 24, 2026).

4

Mr. Futrell's subsequent discovery of the potential strategic or legal limitations of his consent does not provide a basis for relief under § 636(c)(4).

## III.    Conclusion

**IT IS HEREBY ORDERED** that Mr. Futrell's request to withdraw consent to magistrate judge jurisdiction is **DENIED**.

The Clerk of Court is directed to notify the parties of the making of this Order.

DATED this 23rd day of March, 2026.

_____
WILLIAM W. MERCER
UNITED STATES DISTRICT JUDGE