IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| SARAH MCCLURE and COLTON WHEELER, <br><br> Plaintiffs, <br><br> vs. <br><br> MICHAEL W. FUTRELL and LOST BOYS CONSTRUCTION, <br><br> Defendants, | CV 25-210-M-KLD <br><br><br> ORDER |

This matter comes before the Court on Defendant Michael W. Futrell's

motion titled "Rules 59(e) & 60(b)(4) Motion to Amend or Alter, Motion for

Relief from Void Order of Remand entered By Magistrate Judge DeSoto." (Doc.

13). For the reasons set forth below, the Court denies the motion.

## I.    Background

This action was commenced in the Tribal Court of the Confederated Salish

and Kootenai Tribes of the Flathead Reservation ("CSKT Tribal Court").

Plaintiffs' complaint alleges a breach of contract concerning home renovations.

(Doc. 1-1 at 7). On December 9, 2025, Futrell filed a notice of removal with this

1

Court. (Doc. 1). Futrell later filed a first amended notice of removal. (Doc. 9). Both notices indicated 28 U.S.C. § 1443(1) as a basis for removal and were styled as a "Rule 11(b)(2) Argument to Extend, Modify, or Reverse Existing Law, and/or Make New Law Applying, Construing, or Defining Civil Rights Removal under 28 U.S.C. 1443(1)." (Doc. 1 at 1; Doc. 9 at 1).

On January 23, 2025, the Court entered an order remanding the matter back to the CSKT Tribal Court for lack of subject matter jurisdiction. (Doc. 10). In that order, the Court explained that removal under 28 U.S.C. § 1443 is "explicitly limited . . . to cases 'commenced in a State court.'" (Doc. 10 at 4, citing 28 U.S.C. § 1443). Accordingly, the Court determined

> [b]ecause this case cannot be properly removed, there is no federal subject matter jurisdiction over this matter. Given the Court's ongoing, sua sponte obligation to consider whether it has subject matter jurisdiction, the Court finds that remand is the only appropriate course of action.

(Doc. 10 at 5). Following remand, Futrell filed the instant motion.

## II.    Discussion

Where, as here, the plaintiff is proceeding pro se, the court has an obligation "to construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Accordingly, the Court has identified in Futrell's motion several claims and arguments that must be

2

addressed.

> In general, Futrell requests that this Court
>
> reverse and vacate Magistrate Judge DeSoto's order of remand, and to
> hold such evidentiary hearings as may be necessary sustain my Notice
> of Civil Rights Removal and so to allow consolidation with Jamie
> Baldwin and Jeffery Newton's Notice of Removal, and to sustain
> Federal Jurisdiction over this case . . . .

(Doc. 13 at ¶ 62). These requests are apparently made pursuant to Fed. R. Civ P.

59(e) and 60(b). Elsewhere in the motion, Futrell reiterates his request for

consolidation with two purportedly related cases in this District; *Coleman v.*

*Newton* and *Mathias v. Baldwin.* CV 26-11-M-WMM; CV 25-217-M-KLD. (Doc.

13 at ¶ 2). Futrell further indicates "I also suggest retroactive recusal." (Doc. 13 at

¶ 16).

Finally, the instant motion indicates Futrell's desire to "withdraw any

implicit consent to [United States Magistrate Judge] adjudication." (Doc. 13 at

¶ 3). In light of that request, United States District Judge William W. Mercer

entered an order for limited purpose of addressing the apparent request to withdraw

consent on March 23, 2026. (Doc. 14). Judge Mercer's order denied the request

and indicated that "Judge DeSoto will address the remaining requests in Mr.

Futrell's motion." (Doc. 14 at 2). The Court will therefore address the remaining

arguments from Futrell's motion.

3

**A.      Fed. R. Civ. P. 59(e)**

Pursuant to Rule 59(e), parties may file a "motion to alter or amend a judgment" within 28 days of the entry of judgment. However, the Rule is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). The Rule provides "a district court the chance 'to rectify its own mistakes in the period immediately following' its decision." *Banister v. Davis*, 590 U.S. 504, 507–08 (2020) (quoting *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 450, (1982)). Motions brought under Rule 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

Futrell's motion includes two arguments in support of his request that the order remanding this case be altered or amended. First, Futrell states that he "never actually consented to [United States Magistrate Judge] jurisdiction." (Doc. 13 at ¶ 2). However, the issue of Futrell's consent to proceed before a Magistrate Judge was addressed in Judge Mercer's March 23, 2026 order. (Doc. 14 at 4-5). Accordingly, this argument does substantiate the need for an amended or altered

4

judgment.

Second, Futrell argues that "magistrate judges lack authority to issue remand orders because such orders are dispositive of all federal proceedings." (Doc. 13 at ¶ 36) (citations omitted). In support of that contention, Futrell relies on the Ninth Circuit's decision in *Flam v. Flam*. 788 F.3d 1043 (9th Cir. 2015). There, the Court addressed limitations on federal magistrate judges' authority to issue orders on remand under 28 U.SC. § 636(b)(1)(A). *Flam*, 788 F.3d at 1048. Because the issue of remand is dispositive, the Ninth Circuit held, § 636(b)(1)(A) does not afford a magistrate judge the authority to issue an order remanding a case to state court.

However, Futrell's reliance on *Flam v. Flam* is misplaced. While that case addressed a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A), this case concerns authority conferred pursuant to § 636(c). As Judge Mercer recently explained in the related case, *Mathias v. Baldwin*:

> While there are some limitations on a magistrate judge's jurisdiction when they are designated by an Article III judge to determine pretrial matters pursuant to 28 U.S.C. § 636(b), no comparable restrictions apply when they exercise civil jurisdiction pursuant to § 636(c)(1). When parties consent to have a magistrate judge preside over a civil matter, the magistrate judge is fully authorized to "order the entry of judgment in the case." 28 U.S.C. § 636(c)(1).

*Mathias v. Baldwin*, No. CV 25-217-M-KLD, 2026 WL 509509, at *2 (D. Mont. Feb. 24, 2026). The order to remand in this matter (Doc. 10) was issued pursuant to

§ 636(c). Section 636(b)'s limitations on magistrate authority are therefore inapplicable to the order of remand. Accordingly, Futrell's argument regarding magistrate judge authority is unsuccessful. In total, he has not demonstrated the need for an amended or altered judgment pursuant to Rule 59(e).

### B.   Fed. R. Civ. P. 60

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

Futrell variously asserts he is entitled to relief under subsections 1, 4, and 6. (Doc. 13 at ¶¶ 15, 41). Futrell's arguments concerning Rule 60 mirror those concerning Rule 59 and Futrell has articulated no further cognizable arguments that would support relief from the order on remand. As above, the order on remand was validly issued pursuant to authority conferred under 28 U.S.C. § 636(c). Accordingly, the Court finds no basis to grant relief under Rule 60.

**C.     Request for "Retroactive Recusal"**

Futrell next indicates a belief that the undersigned should recuse from this matter. Futrell states:

> I also suggest retroactive recusal. I reserve my right to file under 28 USC 455(a) because Kathleen L. DeSoto's impartiality might reasonably be questioned since in entering the remand against me she exercised power she, as an Article I Magistrate Judge, should have known she did not have.

(Doc. 13 at ¶ 16). Liberally construing this statement as a request for recusal, the Court finds no grounds to support such a request. Futrell's sole argument in favor of recusal is that federal magistrate judges in all circumstances lack the authority to remand cases to state court. However, as explained above, this argument misstates the applicable law. Because the remand order in this matter was validly entered pursuant to authority described in 28 U.S.C. § 636(c), the Court finds no grounds to support recusal.

**D.     Consolidation**

Futrell's last request concerns consolidation with the related case, *Coleman v. Newton*, CV 26-11-M-WMM. "I hereby join with Jeffery Newton in moving that our cases be consolidated before Judge William W. Mercer for all purposes." (Doc. 13 at ¶ 25). Futrell also requests that the Court allow "consolidation with Jamie Baldwin and Jeffery Newton's Notice of Removal." (Doc. 14 at ¶ 62). The Court

construes this as a reference to the related case, *Mathias v. Baldwin*, CV 25-217-M-KLD.

The Court continues to find that it lacks subject matter jurisdiction in this case. (*See* Doc. 10 at 5). Without jurisdiction, the Court has no power to order consolidation. Accordingly, the Court denies Futrell's request to consolidate this matter with *Coleman v. Newton* and *Mathias v. Baldwin*.

## III.   Conclusion[1]

For the reasons set forth above,

IT IS ORDERED that Futrell's motion (Doc. 13) is DENIED.

DATED this 29th day of April, 2026.

Kathleen L. DeSoto
United States Magistrate Judge

---

[1] As above, Judge William W. Mercer has already ruled on the instant motion to the extent that it can be construed to contain a request to withdraw consent to magistrate judge jurisdiction. (*See* Doc. 14). The Court therefore does not here address or rule on any such request.